# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STAN R. WAFF,

    Plaintiff,

v.

ESMERALDA CO., NEVADA, et al.,

    Defendants.

Case No. 2:10-CV-00088-KJD-RJJ

**ORDER**

    Currently before the Court is Defendant Esmeralda County of Nevada's ("Esmeralda County") Motion to Dismiss (#38). Plaintiff filed a response in opposition (#43) to which Defendant replied (#45). Specifically, Defendant Esmeralda County seeks that the Court dismiss Plaintiff's cause of action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

**I. Background**

    Plaintiff Stan R. Waff's Motion for Leave to Proceed *in forma pauperis* was granted by the Court (#16) on March 18, 2010. Plaintiff filed his initial Complaint (#17) on that same date alleging what the Court liberally construes to be a single claim for relief for ineffective assistance of counsel against Esmeralda County. On August 23, 2010, Plaintiff filed an Amended Complaint (#21) that added the Nye County Defendants, but did not assert any new allegations or claims. Plaintiff's claim

is described as "UnJust Repisentation unduly oppersistion / No Public Defender in Centural Nevada" (sic) (#17 at 4). It appears that Plaintiff's ineffective assistance of counsel claim arises from the events commencing on January 22, 2008 when Plaintiff was arrested by the Esmeralda Sheriff's office for alleged domestic abuse. Plaintiff was subsequently provided with representation by a public defender. At an arraignment hearing on February 26, 2008, the public defender made a motion to withdraw as counsel for the Plaintiff. After the motion to withdraw as counsel was granted, the Esmeralda County District Attorney filed a Notice of Non-Prosecution, declining to prosecute Plaintiff for domestic abuse.

## II. Standard of Law for Motion to Dismiss

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a Plaintiff's complaint for "failure to state a claim upon which relief can be granted." A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949. Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950. A claim is facially plausible when the Plaintiff's complaint alleges facts that allow the court to draw a reasonable

inference that the defendant is liable for the alleged misconduct. Iqbal, 129 S. Ct. at 1949. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, Plaintiff's complaint must be dismissed. Twombly, 550 U.S. at 570.

**III. Discussion**

    **1. Nye County Defendants**

The Court must liberally construe the pleadings of *pro se* parties. See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir. 1990). However, even given the most liberal reading, Plaintiff's Complaint against the Nye County Defendants fails to state a claim upon which relief can be granted because it is completely silent as to any factual allegations concerning the Nye County Defendants. Plaintiff identifies the Nye County Defendants as parties to his action and subsequently fails to provide even a single factual statement identifying the Nye County Defendants' involvement with the Plaintiff. Furthermore, all discernable facts and allegations occurred in Esmeralda County, not in Nye County.

Accordingly, the Court finds that the Plaintiff has failed to state a claim against any Nye County Defendant.

    **2. Esmeralda County Defendants**

The Court liberally construes Plaintiff's Complaint as asserting a claim for ineffective assistance of counsel against the Esmeralda County Defendants. Plaintiff is attempting to bring an ineffective assistance of counsel claim under 42 U.S.C. § 1983. In order to establish a claim under § 1983, Plaintiff must first, "allege that some person has deprived him of a federal right," and second, "he must allege that the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640 (1980). Even if Plaintiff's claim was supported by sufficient factual allegations, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" and

therefore, a claim of ineffective assistance of counsel brought under § 1983 fails. <u>Polk County v. Dodson</u>, 102 S. Ct. 445, 453 (1981). Finally, if the Court assumes that Plaintiff is attempting to bring an ineffective assistance of counsel claim under state malpractice law, no subject-matter jurisdiction would exist and dismissal of the claim is appropriate pursuant to Fed. R. Civ. P. 12(h)(3).

Accordingly, even liberally construing Plaintiff's complaint, Plaintiff presents no cognizable claim and Defendant Esmeralda County's Motion to Dismiss (#38) should be granted. Furthermore, the Court finds that giving the Plaintiff leave to amend would be futile since ineffective assistance claims may not brought under § 1983.

**IV. Conclusion**

**IT IS HEREBY ORDERED** that Defendant Esmeralda County of Nevada's Motion to Dismiss (#38) is **GRANTED**;

**IT IS FURTHER ORDERED** that the Clerk of the Court enter **JUDGMENT** for Defendants and against Plaintiff.

DATED this 2nd day of June 2011.

_____
Kent J. Dawson
United States District Judge